

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 24, 1976

The Honorable H. Q. Sibley
Executive Director
Texas Animal Health Commission
1020 Sam Houston State Office
        Building
Austin, Texas   78701

Opinion No. H-867

Re:   Texas Animal Health
Commission authority in
tick eradication "free
area" and related questions.

Dear Doctor Sibley:

You ask whether the Texas Animal Health Commission inspectors have authority to conduct fever tick inspections of cattle located in a "Free Area" of the state. The question is raised in the context of two particular situations:

> 1.  Where a fever tick has been discovered on an animal in transit and the infected animal is traced to a herd formerly located on particular premises in the free area; and

> 2.  where premises located in a free area are suspected of fever tick infestation because the premises are adjacent to an area designated a "tick eradication area" but where the Commission has no direct evidence that the premises are tick infested.

The Texas Constitution makes special provision for the regulation of livestock and the protection of stock raisers. See Tex. Const. art. 16, § 23. Pursuant to that authority, the Texas Legislature has passed various laws, including article 7014g-1, V.T.C.S., to guard against and arrest the spread of animal diseases. Pertinent sections of that article, the Tick Eradication Law, provide:

Sec. 1.  It shall be the duty of the
[Animal Health Commission] . . . to
eradicate the fever-carrying tick . . .
in the State of Texas . . . .

Sec. 2. . . . The 'Free Area' is . . .
composed of those counties and parts of
counties in Texas which the [Animal Health
Commission] may designate as the Free Area
. . . the 'Tick Eradication Area' is
composed of those counties and parts of
counties designated for tick eradication by
the [Animal Health Commission] . . . .
Whenever a tick is found upon any cattle, horses,
mules, jacks, and jennets, every head of such
live stock in said herd or which are located
in the same pasture, pen, lot or in the
same enclosure or upon the same range or that
shall thereafter be located therein or there-
upon, shall be classed as tick infested and
said pasture, pen, lot, enclosure or open
range in which and upon which they were
located shall be classed as tick infested. . . .

. . . .

Sec. 20.  Owners . . . caretakers . . .
and persons accompanying and connected with
. . . the movement of any cattle, horses, mules,
jacks or jennets . . . moved, in any part of
the State of Texas, at any time during the
preceding sixty days, shall be required, when
requested by an inspector of the [Animal
Health Commission] to make a written state-
ment of the county and name of the owner or
party in control of the land where said move-
ment originated . . . .

. . . .

Sec. 24.  All inspectors appointed by the
[Animal Health Commission] . . . are hereby
authorized to enter upon any private or public
property for the performance of any duty or
exercise of any authority provided in this
Act . . . .

> Sec. 25.  The [Animal Health Commission] is authorized and directed to establish quarantines in the Free Area on account of tick infestation or exposure therein whenever it becomes necessary . . . . Tick eradication shall be conducted in said Free Area under the same provisions and penalties as provided in this Act for conducting the same in the Tick Eradication Area, and it shall be the duty of . . . caretakers of cattle, horses, mules, jacks and jennets located in said Free Area to cooperate with said Commission in tick eradication under the provisions of this Act the same as relate to the Tick Eradication Area whenever tick eradication is required to be conducted in the Free Area. . . .  (Emphasis added).

We think these provisions of the Tick Eradication Law make clear that in the situations you describe, the Animal Health Commission has ample authority to require persons having control of suspected premises in a free area to allow a tick inspection by commission inspectors of the cattle located there.  See Mulkey v. State, 201 S.W. 991 (Tex. Crim. App. 1918).  Cf. Clifford v. Swift, 120 S.W.2d 112 (Tex. Civ. App. -- San Antonio 1938, writ dism'd); Attorney General Opinions H-195 (1974), H-148 (1973).

You also inquire if the Commission, on a selective basis, might require livestock markets that receive cattle from high risk areas (premises reasonably believed infected) to provide scratching chute facilities at private expense for fever tick inspection of the animals by Commission inspectors.  Scratching chutes are alleyways wide enough for animals to file through singly, and are constructed so that widely-spaced rails on the sides will allow inspectors to reach through and physically examine the animals.

Section 23 of the Tick Eradication Law deals with the maintenance of tick-free stock yards.  It specifies:

The Honorable H. Q. Sibley - page 4  (H-867)

> All owners and operators in control of any
> stock yards . . . which . . . are open to
> the public . . . shall maintain clean tick-free
> pens, alleys, chutes and facilities where
> such live stock . . . may be received,
> yarded, weighed and sold . . . without being
> subject to exposure to tick infestation, and
> such live stock shall be afforded all necessary
> facilities for such purposes . . . and the . . .
> Commission is hereby authorized to enforce the
> provisions of this Act . . . designating such
> facilities as may be necessary for the proper
> handling in said stock yards of . . . movements
> of live stock . . . . Any stock yards company,
> owners, operators or persons in charge of stock
> yards, that fail or refuse to provide and complete
> such facilities as may be directed by said Com-
> mission . . . shall be fined . . . . (Emphasis
> added).

In light of this statute, we believe that the Commission
may selectively require stock yards to construct scratching
chute facilities where the facilities are reasonably deemed
necessary by the Commission to the proper, tick-free handling
of cattle at the yards. Cf. Johnson v. Texas Animal Health
Commission, 520 S.W.2d 810 (Tex. Civ. App. -- Houston [14th
Dist.] 1975, no writ).

Your last question asks if the Commission has the
statutory authority to promulgate rules allowing animals
shipped from outside Texas and designated as slaughter
animals, other than cattle, sheep and hogs, to go to a
livestock market without a health certificate.

Article 7014f-1, V.T.C.S., relates to the eradication
of diseases among livestock and domestic fowls. Section 9
of that law specifies:

> It shall be unlawful for any person . . .
> to . . . move from any state, territory or
> foreign country into any county in the
> State of Texas . . . any cattle (except
> steers and spayed heifers), horses, mules,
> asses, sheep, goats, hogs, domestic animals

or domestic fowls, except as hereinafter
provided, unless the same are accompanied
by a health certificate issued by a veteri-
narian authorized by or recognized by the
Texas Animal Health Commission . . . .
Cattle and sheep and hogs billed and shipped
for immediate slaughter purposes shall be
admitted into the State of Texas without
certification, treatment, vaccination or
testing.  (Emphasis added).

Except for steers and spayed heifers, "cattle, horses,
mules, asses, sheep, goats, hogs, domestic animals [and]
domestic fowls" can legally enter Texas only if they are
accompanied by the proper health certificate.  The only
deviation permitted concerns cattle, sheep, and hogs (but
not other animals) billed and shipped for immediate slaughter
purposes which go directly to slaughtering facilities.
Consequently, we answer your last question in the negative.

### S U M M A R Y

The Animal Health Commission has authority
to require the inspection for ticks of herds
located on premises in a "free area" sus-
pected of infestation, and it has authority
to selectively require stock yards to construct
scratching chute facilties at private expense
for the inspection of cattle for ticks.  With
the exception of cattle, sheep, and hogs going
directly to slaughtering facilities, the
Commission does not have authority to allow
animals shipped from outside Texas and desig-
nated as slaughter animals to go to a livestock
market without a health certificate.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb